IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Nathan Huveldt, | : | Case No. 1:24-mc-017 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Jake Sweeney Chevrolet-Imports, Inc. | : | Order Transferring Action to the United |
| d/b/a Jake Sweeney BMW and BMW of | : | States District Court for the Western |
| Cincinnati North, | : | District of Washington |
| Defendant. | | |

This matter is before the Court on the Motion to Vacate Foreign Judgment ("Motion to Vacate") filed by Defendant Jake Sweeney Chevrolet-Imports, Inc. d/b/a Jake Sweeney BMW and BMW of Cincinnati North ("Sweeney"). (Doc. 2.) Plaintiff Nathan Huveldt responded in opposition, and Defendant replied. (Docs. 6, 11.) For the reasons set forth below, the Court will **TRANSFER** this action to the United States District Court for the Western District of Washington, where the judgment was rendered.

I. **BACKGROUND**

On March 10, 2023, Nathan Huveldt filed a Complaint in the United States District Court for the Western District of Washington ("Washington District Court") against Sweeney and two other defendants, BMW North America, LLC and Autonation Holdings Corp. d/b/a BMW of Bellevue. (Doc. 6-1.) Sweeney is an Ohio corporation that sells and services luxury vehicles in Ohio. (Order Directing Entry of Default Judgment, Doc. 2-3 at PageID 18.) Huveldt, a resident of the state of Washington, alleged that he purchased a 2018 BMW X6M from Sweeney on April 13, 2021, which was covered by a warranty. (Complaint, Doc. 2-3 at PageID 64–65.) He alleged Sweeney refused to repair his vehicle when its engine failed, which breached his

1

warranty and violated the Washington Consumer Protection Act and Magnuson-Moss Warranty Act. (Complaint, Doc. 6-1 at PageID 68–71.)

On October 17, 2024, the Washington District Court granted Huveldt's Renewed Motion for Default Judgment against Sweeney and directed the Clerk of Court to enter judgment in favor of Huveldt and against Sweeney as follows: (1) repair costs to the subject vehicle of 58,750.47; (2) replacement vehicle expenses of $22,699.88; (3) attorneys' fees of $51,300.00; and (4) recoverable costs of $699.72, reduced by the $18,500 received in settlement from other tortfeasors, for a total of $114,950.07. (Order Directing Entry of Default Judgment, Doc. 2-3 at PageID 23.) On December 10, 2024, Huveldt registered the foreign judgment with the United States District Court for the Southern District of Ohio ("Ohio District Court"). (Doc. 1.)

On April 22, 2025, Sweeney filed the currently pending Motion to Vacate the Foreign Judgment, asserting that it was never properly served and only recently learned of the judgment against it. (Doc. 2.) Huveldt responded in opposition, arguing that the judgment should not be vacated, and alternatively, the Court should send the issue of vacatur back to the rendering court for consideration rather than rule on the issue here. (Doc. 6.) Sweeney replied, arguing that this Court has the authority to and should vacate the judgment without transferring the action back to the Washington District Court. (Doc. 11.) For the reasons that follow, the Court will **TRANSFER** this action to the Washington District Court.

## II.     LAW AND ANALYSIS

Sweeney moves to vacate the Washington District Court's Order Directing Entry of Default Judgment against it based on improper service of process. Pursuant to Federal Rule of Civil Procedure 60(b)(4), the Court may relieve a party from final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). Under Rule 60(b)(4), "[a] void judgment is one which, from its

2

inception, was a complete nullity and without legal effect." *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)). A void judgment occurs "[o]nly in the rare instance of a clear usurpation of power" by the court and is differentiated from an erroneous judgment to prevent misuse of the Rule for an appeal substitute. *Id.* at 516 (quoting *Lubben*, 453 F.2d at 649). Under Rule 60(b)(4), a judgment is void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Id.* (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (same).

The Sixth Circuit Court of Appeals has not "explicitly ruled on whether it is proper for a court to consider, and grant the relief requested, by a Rule 60(b)(4) motion seeking to vacate another court's judgment for lack of personal jurisdiction[,]" as in this case. *Best Western Int'l, Inc. v. Super Sunrise, LLC*, 710 F. Supp. 2d 613, 617 (E.D. Ky. 2008). It has, however, held that registration of a judgment under 28 U.S.C. § 1963 is the "equivalent of a new judgment," and that "the statute must imply similar inherent powers to the registering court to enforce those judgments." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002). District courts within the Sixth Circuit have found that "[i]t follows that, if the registering court has the same powers as the rendering court to enforce the judgment, it would also possess the same power to vacate the judgment under Rule 60(b)(4)." *Best Western Int'l, Inc.*, 710 F. Supp. 2d at 617. *See also Uballe v. Lieberman*, No. 23-mc-3, 2023 WL 3853978, at *2 (W.D. Tenn. June 6, 2023) (citing *Best Western Int'l, Inc.* and finding a district court may vacate a judgment of a rendering court under Rule 60(b)(4)), *aff'd*, No. 23-5739, 2024 WL 5406991 (6th Cir. Nov. 14, 2024)). However, while these courts generally acknowledge the registering court's ability to

3

vacate a foreign judgment, they also convey that the preferred method of handling these motions is to transfer them back to the court that rendered judgment. *See, e.g., Best Western Int'l, Inc.*, 710 F. Supp. 2d at 618 (transferring case; citing similar cases); *Uballe v. Lieberman*, No. 23-mc-3, 2023 WL 3853978, at *3 (same).

The Court finds that although it likely has jurisdiction to hear the Motion, it is well within the Court's authority to transfer this action back to the Washington District Court where the judgment was rendered, as has been done in similarly postured cases. *See, e.g., Best Western Intern., Inc.*, 710 F. Supp. 2d at 617 ("Although it is proper for a registering court to vacate a default judgment rendered in another jurisdiction, a district court in which the judgment is registered is well within its discretion to refer a Rule 60(b)(4) motion back to the rendering court."); *Uballe*, No. 23-mc-3, 2023 WL 3853978, at *3 (Transferring case back to rendering court and noting, "while this Court has the authority to vacate a default judgment rendered in another district, courts have displayed hesitance to do so opting more often to defer to the rendering court.")

Pursuant to 28 U.S.C. § 1404(a), the Court may "transfer any civil action to any other district or division where it might have been brought," if done for the convenience of parties and witnesses, and in the interest of justice. The Court finds that it is in the interests of justice to transfer this action back to the court that rendered the judgment at issue here. The Washington District Court is in the best posture to examine its own findings regarding personal jurisdiction and Washington law regarding the same.

For the reasons stated above, this Court declines to exercise its authority to rule on the merits of Sweeney's Motion to Vacate and instead **TRANSFERS** this action to the Washington District Court pursuant to 28 U.S.C. § 1404(a).

## IV. CONCLUSION

The Court **TRANSFERS** the case to the United States District Court for the Western District of Washington.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge